IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

THE BANKRUPTCY ESTATE OF                     Bankruptcy No. 12-570
MORGANTOWN EXCAVATORS, INC.,                 App. No. 13-00024

    Debtor.


IN RE:

SHIRLEY E. GODFREY,                          Bankruptcy No. 12-1473
                                             App. No. 13-00024
    Debtor.

------------------------------------------------------------------

THE BANKRUPTCY ESTATE OF
MORGANTOWN EXCAVATORS, INC.
and SHIRLEY E. GODFREY,

    Debtors - Appellants,

v.                                           Civil Action No. 1:13CV235
                                                           (STAMP)
THE HUNTINGTON NATIONAL BANK,

    Creditor - Appellee.


**MEMORANDUM OPINION AND ORDER**
**DISMISSING APPEAL FOR LACK OF JURISDICTION**

I. Procedural History

The appellants, Shirley E. Godfrey ("Godfrey") and The Bankruptcy Estate of Morgantown Excavators Inc. ("MEI") (collectively the "appellants"), filed an appeal in this Court from the United States Bankruptcy Court for the Northern District of West Virginia.

In a separate but related action, the appellants both filed voluntary Chapter 13 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of West Virginia. A trustee was appointed by the bankruptcy court. Thereafter, the appellants filed a complaint in the Court of Common Pleas of Franklin County, Ohio against the appellee, The Huntington National Bank ("Huntington"). Huntington then filed a notice of removal in the United States Bankruptcy Court for the Southern District of Ohio. In its notice of removal to that court, Huntington argued that this action falls under 28 U.S.C. § 1334(b) which allows a federal bankruptcy court to hear all civil proceedings related to a case under the United States Bankruptcy Code. A co-defendant, Myron Bowling Auctioneers, Inc. ("Myron Bowling"), was added to the removed action shortly thereafter.

The appellants then filed a motion to abstain or remand arguing that the claims in the state court action arise solely under state law and that the matter can be timely adjudicated in state court. Accordingly, the appellants argued that the bankruptcy court was required to abstain. The motion to abstain and remand was fully briefed by the parties. The case was then transferred to the United States Bankruptcy Court in the Northern District of West Virginia because the action was potentially adversarial to any action the bankruptcy court might take in the action involving the appellants' Chapter 13 petitions.

In considering the appellants' motion, United States Bankruptcy Court Judge Patrick M. Flatley denied the appellants' motion for remand or abstention finding that the proceedings could not be timely adjudicated in state court. Thus, mandatory abstention was not required. Further, Judge Flatley found that voluntary abstention was not required because a majority of the factors a court must consider in deciding whether or not it should abstain from hearing an action weighed against abstention. The appellants then appealed that decision to this Court.

The appellants argued in their brief in support of their motion to remand or abstain that this Court has jurisdiction to hear this appeal and that Judge Flatley's decision should be overruled. Huntington filed a response to that brief arguing that this Court does not have jurisdiction to hear this appeal and that even if this Court could hear the appeal, Judge Flatley did not clearly err in denying the appellants' motion. No reply was filed by the appellants. As such, this action is ripe for decision by this Court.

## II. Discussion

The appellants argue in their brief that the bankruptcy court's denial of their motion to abstain was a final decision under the collateral order rule. In re, Midgard, 204 B.R. 764 (BAP 10th Cir. 1997). Further, the appellants contend that the United States Court of Appeals for the Fourth Circuit has held that a

3

motion to deny remand is reviewable on appeal.  <u>In re: Celotex Corp.</u>, 124 F.3d 619 (4th Cir. 1997).  Thus, the appellants assert that this Court can review the bankruptcy court's denial of remand or abstention pursuant to 28 U.S.C. § 158.[1]

On the other hand, Huntington argues that the bankruptcy court's denial of the appellants' motion to remand or abstain was not a final decision, but rather is interlocutory.  Thus, Huntington contends, the appellants were required to prove that their appeal fulfills the requirements of the collateral order doctrine.  Further, Huntington claims that because the appellants have not made an argument regarding the collateral order doctrine, they have not shown that the bankruptcy court's order was final and appealable.  As such, Huntington asserts that this Court would have to grant leave to appeal and because the appellants have not sought such relief this appeal should be dismissed.  Finally, Huntington argues that if this Court were to consider the appellants' appeal as a motion for leave to appeal, the appellants have failed to show that they meet the three requirements under 28 U.S.C. § 1292 that would require this Court to grant them interlocutory relief.

For the reasons that follow, this Court finds that the appellants have failed to show that this Court has jurisdiction to hear their appeal.  As such, this Court will dismiss the

---

[1]"The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, order, and decrees . . . ."

appellants' appeal to reconsider the bankruptcy court's denial of their motion for remand or abstention.

   A.   Applicable Law

This Court has jurisdiction to hear appeals "from final judgments, orders, and decrees [of bankruptcy courts]," or may grant leave to appeal through "interlocutory orders and decrees [of bankruptcy courts]." 28 U.S.C. § 158(a)(1), (3). However, a party only has the right to review by this Court when the bankruptcy court's judgment is final. Id. at § (a)(1). A final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945) (citation omitted).

In this case, this Court must determine whether it has jurisdiction to hear the bankruptcy court's denial of the appellants' motion to remand or abstain. The United States Supreme Court has set forth two types of abstention appeals that are reviewable. First, an abstention or remand order is appealable if it puts the litigants "effectively out of court" and has the effect "precisely to surrender jurisdiction of a federal suit to a state court." Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 713 (1996). Second, an abstention order is reviewable on appeal if it fits within the narrow class of immediately appealable collateral orders. Id. ("Orders that do not meet the definition of finality,

5

but satisfy the collateral order doctrine, are nevertheless appealable under section 1291."); 1 Collier Bankruptcy Manual ¶ 5.07[3] (3d ed. rev. 1998) (stating that the collateral order doctrine has been adopted and used for the bankruptcy appellate system).

The collateral order doctrine is based on the recognition that there exists a small class of decisions termed "collateral orders" "which finally determine claims of right separable from, and collateral to rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indust. Loan Corp., 337 U.S. 541, 546 (1949). The Supreme Court has articulated a model for identifying such collateral orders. To be appealable, the order must: "(1) conclusively determine a disputed question that is completely separate from the merits of the action, (2) be effectively unreviewable on appeal from a final judgment, and (3) be too important to be denied review." Quackenbush, 517 U.S. at 713.

    B.    <u>Lack of Jurisdiction to Consider the Appeal</u>

The appellants argue that the Fourth Circuit has held that a motion to deny remand is reviewable on appeal in In re Celotex Corp., 124 F.3d 619 (4th Cir. 1997). As the appellants note, however, the Fourth Circuit's decision does not discuss the

6

applicability of the collateral order rule.  For further support, the appellants cite the Supreme Court's decision in <u>Things Remembered, Inc. v. Perarca</u>, 516 U.S. 124 (1995), and <u>In re Midgard</u> for the assertion that the denial of remand is now considered a final order within the collateral order rule.

First, as to <u>Things Remembered</u>, that case dealt with a district court's finding that the bankruptcy court lacked jurisdiction because removal was untimely.  516 U.S. at 126-27.  The district court had thus remanded the case to the state court.  <u>Id.</u>  Thereafter, the United States Court of Appeals for the Sixth Circuit found that it was barred from reviewing the district court's remand order.  <u>Id.</u> at 127.  The United States Supreme Court upheld the Sixth Circuit's finding.  <u>Id.</u>  <u>Things Remembered</u>, which was decided one year before <u>Quackenbush</u>, is distinguishable from this case because it dealt with a procedural issue.  Further, the Supreme Court did not discuss the district court's determination but rather only determined whether or not the Sixth Circuit should have denied review.  Finally, this case came before <u>Quackenbush</u> which set forth the two instances when an abstention or remand order is reviewable; thus, <u>Things Remembered</u> is not applicable in this instance.

<u>In re Midgard</u> is also inapplicable to this case or at least does not require this Court to apply it as persuasive authority.  The appellants maintain that the United States Bankruptcy Appellate

7

Panel of the Tenth Circuit found conclusively in In re Midgard that Quackenbush can be applied to orders refusing to abstain and remand under the collateral order doctrine. 204 B.R. at 769. However, two years later that same court found that In re Midgard was an interlocutory appeal issue, rather than a case that generally found that all remand or abstention decisions were reviewable. In re Denton, 236 B.R. 418, 419 (B.A.P. 10th Cir. 1999) ("As the court held in Midgard, an interlocutory order denying a motion to remand or to abstain is appealable as a matter of discretion pursuant to 28 U.S.C. § 158(a)(3)."). Further, the court found that the bankruptcy court's decision not to remand was not reviewable under Quackenbush because it was not a "final" order and thus could not exercise jurisdiction pursuant to 28 U.S.C. § 158(a)(1). Id. Finally, that court declined to exercise jurisdiction pursuant 28 U.S.C. § 158(a)(3). Id. Accordingly, because of this clarification by the court in In re Denton, it appears that the appellants have failed to show that a motion to abstain or remand is automatically reviewable. Rather, this Court must undertake, at the most, review under the three-prong collateral order doctrine set forth in Quackenbush.

To reiterate, for an order to be appealable it must: "(1) conclusively determine a disputed question that is completely separate from the merits of the action, (2) be effectively unreviewable on appeal from a final judgment, and (3) be too

important to be denied review." <u>Quackenbush</u>, 517 U.S. at 713. The appellants have not provided any analysis on the collateral order doctrine's application to this case. Several courts have found, after <u>Quackenbush</u>, that a bankruptcy court's decision to not abstain is not a final order because it is reviewable on final judgment.[2] This Court agrees that in this case, the second prong of the collateral order doctrine is not met. Unlike a scenario in which the bankruptcy court were to remand or abstain, and the federal court would be devoid of jurisdiction and subsequently could not review any decision by the state court, that is not the case here. Here, the bankruptcy court chose not to remand or abstain and thus the federal courts maintain jurisdiction. Accordingly, the bankruptcy court's order denying the appellants' motion to remand or abstain is not a "final order" under 28 U.S.C. § 158(a)(1).

---

[2]<u>Beightol v. UBS Painewebber, Inc.</u>, 354 F.3d 187, 189 (2d Cir. 2004) ("[D]ecisions not to abstain are not so conclusive of the litigation or effectively unreviewable as part of an eventual final judgment as to be appealable as collateral orders . . . ."); <u>Matter of Rupp & Bowman Co.</u>, 109 F.3d 237, 240 (5th Cir. 1997) (finding that a decision not to abstain is reviewable and thus not final because it does not raise issues of <u>res judicata</u> which would be implicated if the bankruptcy court chose to remand or abstain); <u>In re Denton</u>, 236 B.R. at 418 (bankruptcy court orders not to abstain "can be effectively reviewed in an appeal from a final decision in the adversary proceeding, these orders cannot now be appealed under 28 U.S.C. § 158(a)(1) as 'final' orders pursuant to the collateral orders doctrine . . . ."); <u>In re Jackson Brook Inst., Inc.</u>, 227 B.R. 569, 580 (D. Me. 1998) (A bankruptcy order denying a motion to remand or abstain "involves the selection of the federal forum as the one in which final decisions will ultimately be reached . . . and does not end the litigation in federal court.").

C.  Leave to Appeal under § 158(a)(3)

Based on the above, the appellants can only seek relief pursuant to 28 U.S.C. § 158(a)(3) as the bankruptcy court's order may only be reviewable as an interlocutory appeal. Title 28, United States Code, Section 1292(b) provides the requirements that the appellants must meet in order to be provided leave to appeal the bankruptcy court's denial of their motion to remand or abstain:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

(numbers added). In this case, the appellants have not sought leave to appeal and have not addressed the requirements of § 1292(b). Further, this Court finds that the third prong is not met in this action, as an immediate appeal will not "materially advance the ultimate termination of the litigation." To the contrary, based on the bankruptcy court's order denying the motion to remand or abstain, the bankruptcy court is equipped to handle this action in an expedited fashion. Thus, although the appellants did not seek leave to appeal, if they had, such leave would not be granted.

Finally, this Court does not find that it is required to consider the appellants' timely notice of appeal as a motion for leave to appeal pursuant to Federal Rules of Bankruptcy Procedure

10

Rule 8003(c). As the appellants did not attempt to establish that they met the three requirements under § 1292(b), this Court will not undertake any of the three options it has under Bankruptcy Rule 8003(c)[3] to provide the appellants the chance to have their notice of appeal treated as a motion for leave to appeal.

III. Conclusion

Accordingly, based on the above, this case is DISMISSED and REMANDED to the United States Bankruptcy Court for the Northern District of West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Northern District of West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 13, 2014


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] "If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may [1] grant leave to appeal or [2] direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also [3] deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8003(c) (numbers added).